IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| RAYMOND W. KONAN, | ) |
| Plaintiff, | ) |
| v. | ) 1:06cv175(JCC) |
| NOEL D. SENGEL, ESQ., | ) |
| STEPHEN H. RATLIFF, ESQ., | ) |
| KAREN A. GOULD, ESQ., | ) |
| BARBARA SAYERS LANIER, | ) |
| STEPHEN M. HALL, ESQ., | ) |
| Defendants. | ) |

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendants' Motion to Dismiss. For the following reasons, the Court will grant Defendants' Motion to Dismiss with regard to the equal protection claims, and deny Defendants' Motion to Dismiss with regard to the due process claims. Furthermore, the defenses of collateral estoppel and qualified immunity are not available.

### I. Background

Plaintiff, Raymond W. Konan, has brought this action against Defendants, Noel D. Sengel, Esq., Stephen H. Ratliff, Esq., Karen A. Gould, Esq., Barbara Sayers Lanier, and Stephen M. Hall, Esq., alleging the taking of property and liberty in violation of Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution. The

action arises from the revocation of Plaintiff's state license to practice law and the subsequent proceedings resulting in disbarment.  Plaintiff brought an action against the defendants in their individual capacities.

The factual basis for this action, as alleged by Konan, is as follows:  Plaintiff was a licensed member of the Virginia State Bar, and his license was revoked upon action by the Virginia State Bar Disciplinary Board on June 27, 2003.  Defendants Sengel, Ratliff, Lanier, and Hall were agents or employees of the Virginia State Bar during the proceedings against Plaintiff.  Ms. Sengel, a Senior Bar Counsel in the Alexandria, VA office of the Virginia State Bar ("VSB"), drafted the initial charges against Plaintiff based on complaints by counsel involved in litigation with Konan.  Based on these charges, disciplinary proceedings were initiated against Konan.  During and prior to these proceedings, Sengel falsified signatures and certifications, acted without committee deliberation, and withheld exculpatory evidence from Mr. Konan in bad faith.  Sengel has recently acted to obstruct Plaintiff's readmission to the Virginia Bar.

Plaintiff alleges that Defendant Ratliff, an attorney who served as chair of a VSB subcommittee tasked with certifying disciplinary charges, failed to deliberate with his committee as required and allowed Ms. Sengel to forge his name.  Plaintiff

further alleges that Defendant Lanier opened a misconduct file without the necessary charges and certification, and assisted Sengel.  Plaintiff also alleged that Defendant Karen Gould signed an order of revocation without a full and independent evaluation of the evidence, or a majority vote of the Board, and issued defamatory statements against Plaintiff.

Plaintiff appealed the revocation of his license to the Supreme Court of Virginia, which held a hearing on the matter January 14, 2004.  Plaintiff alleges that during this hearing, Defendant Hall, who represented the VSB, withheld exculpatory evidence from both Plaintiff and the Virginia Supreme Court in bad faith, and provided inadmissible hearsay testimony.

In the Amended Complaint, Plaintiff alleged due process and equal protection violations against each defendant, individually.  Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  This motion is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint (*See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994)), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)

(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In ruling on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### III. Analysis

A. <u>Plaintiff's Alleged Violations of Equal Protection</u>

Plaintiff has alleged no facts, which if proven true, would support an equal protection claim. A claim under the Equal Protection Clause requires a demonstration by the plaintiff that as a result of intentional and purposeful discrimination, he has been treated differently than others similarly situated. *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001); *Waters v. Bass,* 304 F.Supp.2d 802, 819 (E.D. Va. 2004). Plaintiff has alleged no facts showing discrimination or treatment that is different from others who are similarly situated. Plaintiff has offered only conclusory statements that equal protection was violated, or irrelevant facts that allege a degree of malice, but fail to show discrimination. For the reasons stated, Plaintiff

has failed to state an equal protection claim for which relief can be granted, and the defendants' motion will be granted with respect to this claim.

    B.   Plaintiff's Alleged Violations of Due Process

Plaintiff has properly alleged facts, which if proven true, could result in relief for violation of due process violation. The Constitution dictates that no individual shall be deprived of liberty or property without due process of law. U.S. Const. Amend. XIV. Three factors are considered to determine if due process has been afforded to an individual: 1) the private interests affected; 2) the risk of erroneous deprivation through the procedures used; and 3) probable value of additional or substitute procedures. *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). In using these factors to determine whether a procedural due process violation occurred, courts must consult the "entire panoply of predeprivation and postdeprivation process provided by the state." *Tri-County Paving, Inc. v. Ashe County,* 281 F.3d 430, 436 (4th Cir. 2002).

Plaintiff was deprived of a property interest in his license to practice law, and a liberty interest in his ability to pursue his chosen profession. *Board of Regents v. Roth,* 408 U.S. 564, 572 (1972). Defendants argue that nonetheless, due process was provided because notice was given, hearings were held in

which Plaintiff participated, and an appeal was granted prior to the deprivation of his license.

However, Plaintiff has alleged forgeries of procedural documents, failure of committees to follow mandated procedures, withholding and concealment of exculpatory evidence, and obstruction of readmission.  Plaintiff also alleges a number of procedural violations violative of VSB rules of procedure.  These facts, if proven true, may show significant deficiencies in the procedures used as well as erroneous deprivation amounting to a due process violation.

As the defendants argue, if the state grants more procedural rights than the Constitution would otherwise require, the violations of state promulgated rules themselves do not necessarily amount to constitutional violations. *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1466 (4th Cir. 1990). However, whether the violation of a state promulgated rule amounts to a constitutional violation is a question of fact,[1] and nothing in *Riccio* suggests that the state and constitutional due process rules are mutually exclusive.  Furthermore, Plaintiff has pled a number of allegations in addition to violations of state

---

[1] The issue on appeal in *Riccio* was a summary judgment ruling on the due process issue, not a motion to dismiss for failure to state a claim.  The Court found that, based on the facts presented, Riccio had been given sufficient notice and procedural due process to satisfy the United States Constitution.  The Court held that "[a]lleged violations of due process...are to be measured against a federal standard of what process is due, even when those state-created procedures exceed the process otherwise guaranteed by the Constitution."  *Id.* at 1469.

promulgated procedural rules which, if proven true, could amount to a violation of due process.  Therefore, Defendants' motion to dismiss will be denied with respect to the due process claims.

    C.  Qualified Immunity

Defendants are not entitled to a dismissal pursuant to Fed. R. 12(b)(6) based on qualified immunity.  Government officials are not entitled to the defense of qualified immunity if: (1) the allegations underlying the claim, if true, substantiate the violation of a federal statutory or constitutional right; and (2) this violation was of a "clearly established" right "of which a reasonable person would have known." *See Mellen v. Bunting*, 327 F.3d 355, 365 (4th Cir. 2003)(citing *Hope v. Pelzer*, 536 U.S. 730, 736).  As stated previously, Plaintiff has alleged facts that could amount to a violation of due process, a clearly established constitutional right.  For this reason, courts have denied qualified immunity with respect to allegations of withholding exculpatory evidence (*see Manning v. Miller*, 355 F.3d 1028, 1032-33 (7th Cir. 2004)), as well as allegations of improperly preparing charges and misconduct (*see Kalina v. Fletcher*, 522 U.S. 118, 122-25 (1997)), all of which Plaintiff has alleged in this case. Consequently, Defendants' motion should be denied with respect to this defense.

D. <u>Collateral Estoppel</u>

Plaintiff's claims are not barred by collateral estoppel, because the constitutional issues in question have not been litigated by the parties in a prior proceeding. Prior proceedings have only addressed the disbarment appeal to the Virginia Supreme Court, and the parties to those proceedings were Plaintiff and the Virginia State Bar, not the named defendants. Therefore, the defendants' motion that claims are barred by collateral estoppel will be denied.

## IV. Conclusion

For the foregoing reasons, Defendants' motion will be granted with respect to the alleged violation of equal protection, and denied in respect to the alleged violations of due process. Furthermore, the defenses of collateral estoppel and qualified immunity are not available. An appropriate order will issue.

September 14, 2006  _____/s/_____
Alexandria, Virginia          James C. Cacheris
                    UNITED STATES DISTRICT COURT JUDGE