IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| RAYMOND W. KONAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06cv175(JCC) |
| | ) | |
| NOEL D. SENGEL, ESQ., | ) | |
| STEPHEN H. RATLIFF, ESQ., | ) | |
| KAREN A. GOULD, ESQ., | ) | |
| BARBARA SAYERS LANIER, | ) | |
| STEPHEN M. HALL, ESQ., | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendants' motion to reconsider in light of the Supreme Court of Virginia's February 13, 2004 Order, now presented to the Court. For the following reasons, the Court will grant Defendants' motion, and upon reconsideration will grant Defendants' motion to dismiss.

### **I. Background**

Plaintiff, Raymond W. Konan, has brought this action against Defendants, Noel D. Sengel, Esq., Stephen H. Ratliff, Esq., Karen A. Gould, Esq., Barbara Sayers Lanier, and Stephen M. Hall, Esq., alleging the taking of property and liberty in violation of Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution. The action arises from the revocation of Plaintiff's state license to practice law and the subsequent proceedings resulting in

disbarment.  Plaintiff brought an action against Defendants in their individual capacities.

The factual basis for this action, as alleged by Konan, is as follows:  Plaintiff was a licensed member of the Virginia State Bar, and his license was revoked upon action by the Virginia State Bar Disciplinary Board on June 27, 2003.  Defendants Sengel, Ratliff, Lanier, and Hall were agents or employees of the Virginia State Bar during the proceedings against Plaintiff.  Ms. Sengel, a Senior Bar Counsel in the Alexandria office of the Virginia State Bar ("VSB"), drafted the initial charges against Plaintiff based on complaints by counsel involved in litigation with Konan.  Based on these charges, disciplinary proceedings were initiated against Konan.  During and prior to these proceedings, Plaintiff alleges that Sengel falsified signatures and certifications, acted without committee deliberation, and withheld exculpatory evidence from Mr. Konan in bad faith.  Plaintiff further alleges that Sengel recently acted to obstruct Plaintiff's re-admission to the Virginia Bar.

Plaintiff alleges that Defendant Ratliff, an attorney who served as chair of a VSB subcommittee tasked with certifying disciplinary charges, failed to deliberate with his committee as required and allowed Ms. Sengel to forge his name.  Plaintiff further alleges that Defendant Lanier opened a misconduct file without the necessary charges and certification, and assisted

Sengel.  Plaintiff also alleged that Defendant Karen Gould signed an order of revocation without a full and independent evaluation of the evidence or a majority vote of the Board, and issued defamatory statements against Plaintiff.

Plaintiff appealed the revocation of his license to the Supreme Court of Virginia, which held a hearing on the matter January 14, 2004.  Plaintiff alleges that during this hearing, Defendant Hall, who represented the VSB, withheld exculpatory evidence from both Plaintiff and the Virginia Supreme Court in bad faith, and provided inadmissible hearsay testimony.

In the Amended Complaint, Plaintiff alleged due process and equal protection violations against each defendant, individually.  Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), but did not include the Supreme Court of Virginia's February 14, 2004 Order ("SCV Order") for the Court's consideration.  On September 16, 2006, this Court granted Defendants' motion with respect to Plaintiff's equal protection claims, but denied the motion with respect to the due process claims.  On September 28, 2006, Defendants filed a motion to reconsider, and submitted the SCV Order to the Court for consideration.  Defendants now ask the Court to reconsider its prior ruling on the motion to dismiss Plaintiff's due process claims in light of the Order.  This motion is currently before the Court.

## II. Standard of Review

Rule 60(b) allows a Court to modify an order on grounds of mistake, inadvertence, excusable neglect, or for any other reason justifying relief. Fed. R. Civ. P. 60(b). The decision to grant relief under Rule 60(b) is within the sound discretion of the trial court. *Transportation, Inc. v. Mayflower Services, Inc.*, 769 F.2d 952, 954 (4th Cir. 1985).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint (*See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994)), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In ruling on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

**III. Analysis**

In the September 16, 2006 Memorandum Opinion, this Court declined to dismiss Plaintiff's due process claim, because Plaintiff had alleged facts amounting to a due process violation,[1] and Defendants failed to show "by a preponderance of the evidence that the claim or issue should be precluded by the prior judgment." *See, e.g., Bates v. Devers,* 202 S.E.2d 917, 921 (Va. 1947).  Because Defendants did not provide the SCV Order for consideration, this Court concluded that Defendants had not met their burden in establishing that the same issues had been litigated by identical parties or those in privity.  Because the factual allegations were not collaterally estopped, this Court declined to dismiss the Complaint, which pled a number of issues that could amount to a violation of due process if proven true. *See* September 14, 2006 Memorandum Opinion at 3.  Defendants now submit the Supreme Court of Virginia's Order for this Court's consideration to avoid the re-litigation of issues already decided and affirmed by the Supreme Court of Virginia. Defendants further raise the public policy concerns of granting disbarred attorneys a federal forum to collaterally attack final state court rulings.

---

[1] Plaintiff alleged forgeries of procedural documents, failure of committees to follow mandated procedures, withholding and concealment of exculpatory evidence, and obstruction of readmission, along with a number of procedural violations and alleged deprivations in the procedures.

When a plaintiff fails to introduce a pertinent document as part of his complaint, defendants may attach the document to a motion to dismiss and the Court may consider that document under Rule 12 of the Federal Rules of Civil Procedure without converting the motion to one for summary judgment. *Gasner v. County of Dinwiddie,* 162 F.R.D. 280, 282 (E.D. Va. 1995). While Defendants should have provided this Order to the Court prior to the September Memorandum Opinion, this Court is nonetheless compelled to examine it now in order to avoid permitting the re-litigation of issues that have already been decided and affirmed. Upon review of the SCV Order, this Court finds sufficient grounds to reconsider its prior rulings on collateral estoppel and qualified immunity.

### A.  Final Judgment on Factual Allegations Comprising Plaintiff's Due Process Claim Was Rendered in the SCV Order

Collateral estoppel precludes parties or their privies from a prior action from re-litigating any issues of fact decided and essential to final and valid judgment in the prior action. *Bates v. Devers,* 202 S.E.2d 917, 921 (Va. 1974). Privity generally involves a party "so identical in interest with another that he represents the same legal right." *Nero v. Ferris,* 284 S.E.2d 828, 831 (Va. 1981). As noted, the burden of persuasion is on the movant for collateral estoppel to show "by a preponderance of the evidence that the claim or issue should be precluded by the prior judgment." *Id.* at 921.

Review of the SCV Order reveals that the factual allegations comprising Plaintiff's due process claim were addressed by the Supreme Court of Virginia which found them essential to final judgment.  The SCV Order specifically addressed Plaintiff's allegations of forgery and lack of jurisdiction.  First, the Supreme Court considered and found merit to the various charges against Plaintiff initiated by Ms. Sengel on behalf of the VSB.  (Def.'s Mot. Ex. A at 4-6).  Second, the Supreme Court found no error regarding the signature and certification of charges, holding that "the certification from the District Committee substantially complied with the procedures set forth in the Rules and vested the Board with jurisdiction."  (Def.'s Mot. Ex. A at 4).  Third, the Supreme Court found no problem with the specificity of the charges, holding that the Board was justified in hearing the charges, and Ms. Sengel followed appropriate procedures in prosecuting them. (Def.'s Mot. Ex. A at 2-5).  Finally, the Supreme Court affirmed the prior ruling, holding that clear and convincing evidence on the record supported Plaintiff's disbarment, and that no procedural violations occurred.  (Def.'s Mot. Ex. A. at 2-3). Defendants' motion for reconsideration and the SCV Order both solidify the argument for privity between the parties and the Commonwealth as well.  Each party named to the suit was an agent

of the Commonwealth during the proceedings against Plaintiff, and none were found to be acting outside their scope of authority.

    B.   <u>Due Process Claims</u>

       Review of the SCV Order dispels any allegations that Plaintiff was not afforded due process of law.  The Due Process Clause requires that no citizen shall be deprived of a right without notice and opportunity to be heard.  *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 546 (1946).  Plaintiff Konan was given notice and opportunity to be heard on more than one occasion.  The SCV Order establishes firmly that the Supreme Court conducted a review of the entire record prior to issuing its ruling, and that this was the final review in a series of hearings on Plaintiff's disbarment. (Def.'s Mot. Ex. A at 5).  Furthermore, the factual allegations that would comprise a due process claim mentioned above were previously litigated and finally decided by the Supreme Court of Virginia.  As the SCV Order makes clear, Plaintiff was given notice and opportunity to be heard, and no errors or flaws were found in the underlying proceedings.  Accordingly Plaintiff's due process claims against Noel Sengel (Count I), Stephen Raliff (Count II), Barbara Lanier(Count III), Karen Gould (Count IV), and Stephen Hall (Count IV) will be dismissed.

## **IV. Conclusion**

For the foregoing reasons, Defendants' motion to reconsider will be granted, and upon reconsideration Defendant's motion to dismiss will be granted.  An appropriate order will issue.

November 7, 2006                    _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE